OPINION
{¶ 1} Antonio Devon Cobb appeals from his conviction and sentence in the Dayton Municipal Court on charges of jaywalking and obstructing official business. In his sole assignment of error, Cobb contends that his conviction for obstructing official business is against the manifest weight of the evidence.
 {¶ 2} The record reflects that on the evening of May 8, 2002, Dayton police officer Gordon Cairns and his partner were in a marked cruiser near Main Street, looking for an individual who had been shooting a B.B. gun. While conducting their search, the officers observed Cobb with a group of individuals behind a United Foods store. Cobb did not have a B.B. gun in his possession when the officers saw him. In any event, he "disappeared" from their view, and they continued their search for the unidentified shooter. When Cairns and his partner drove to the next street, they saw Cobb running across the road through traffic. The two officers proceeded to an alley and saw Cobb walking. At that time, Cobb looked at the marked cruiser and started running again, crossing traffic in the middle of another street. Cairns then exited the cruiser and followed Cobb, who started to walk. At that point, Cairns merely intended to stop Cobb and to cite him for jaywalking. As a result, he identified himself as a police officer and ordered Cobb to stop. In response, Cobb took off running, once again cutting across traffic and proceeding to an apartment building. By that time, other police crews had responded to assist in the apprehension of a fleeing suspect. As a result, Cobb was caught and detained by an individual identified in the record only as "officer Hiser." After Cobb was apprehended, Cairns approached and overheard Hiser ask Cobb to identify himself. Cobb responded that his name was "Devon Cobb." It appears, however, that Cobb's full name is "Antonio Devon Cobb." Upon inquiry from Hiser, Cobb also indicated that he was unsure of his Social Security number. Finally, when asked his birthday, Cobb responded that it was October 30, 1981. In reality, Cobb's birthday is October 30, 1980. Based on the information obtained from Cobb, the officers were unable to verify his identity through their computer system. As a result, they transported him to the police station, where he was able to be identified.
 {¶ 3} Based on the foregoing incident, Cobb was charged under two separate case numbers with jaywalking and obstructing official business. The cases were tried together in Dayton Municipal Court on July 5, 2002. The only witness at trial was officer Cairns, whose testimony was consistent with the facts set forth above. Following Cairns' testimony, the trial court found Cobb guilty of both offenses. The present appeal concerns only Cobb's conviction for obstructing official business.
 {¶ 4} In his assignment of error, Cobb alleges that his conviction is against the manifest weight of the evidence. In his argument, however, Cobb suggests that the record contains insufficient evidence to support his conviction. Specifically, he argues that "(t)here was insufficient evidence that (he) did anything to prevent, obstruct, or delay the police from performing their functions." According to Cobb, the only act that arguably could support an obstructing official business charge "would be that (he) somehow gave false information about his identification to prevent the officers from issuing a citation for jaywalking(.)" Cobb insists, however, that he accurately gave his name as "Devon Cobb," honestly could not remember his Social Security number, and simply made a mistake, "under the pressure of being confronted and apprehended by several officers," when he misstated his year of birth by one year.
 {¶ 5} Upon review, we conclude that Cobb's conviction for obstructing official business is supported by legally sufficient evidence and is not against the manifest weight of the evidence. When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on each element of the offense to sustain the verdict as a matter of law. State v. Hawn (2000), 138 Ohio App.3d 449,471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
 {¶ 6} In the present case, the testimony of officer Cairns, if believed, is sufficient to support Cobb's conviction for obstructing official business. The statute at issue, R.C. § 2921.31(A), provides: "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."
 {¶ 7} On appeal, Cobb argues that the evidence is insufficient to support a finding that he intentionally gave inaccurate information with the purpose of preventing, obstructing, or delaying the officers in their issuance of a citation for jaywalking. To the contrary, he insists that the evidence only supports a finding that he accurately identified himself as "Devon Cobb," honestly could not recall his Social Security number, and inadvertently misstated his year of birth under the pressure of being apprehended by several officers.
 {¶ 8} Viewing the evidence in the light most favorable to the prosecution, however, we believe officer Cairns' testimony was legally sufficient to sustain Cobb's conviction. In reaching this conclusion, we focus on two key issues: (1) whether Cobb did any "act" that hampered or impeded the officers in the performance of their lawful duties; and (2) if so, whether he did the act with the purpose of preventing, obstructing, or delaying the officers' performance of their lawful duties.[1]
 {¶ 9} With regard to the first issue, the evidence supports a finding that the officers were hampered or impeded in the issuance of a jaywalking citation by Cobb's failure to tell them his first name, his failure to provide his Social Security number, and his failure to provide his correct year of birth. Without this information, the officers were unable to verify Cobb's identity through their computer system, and they were required to transport him to the police station. As a result, the evidence supports a finding that Cobb's act of providing limited, and partially false, identification information hampered or impeded the officers in the performance of their lawful duties.
 {¶ 10} The closer question is whether the record contains sufficient evidence to support a finding that Cobb gave limited, and partially false, identification information with the purpose of preventing, obstructing, or delaying the officers in the performance of their lawful duties. On this issue, we note that "(t)he intent of an accused person dwells in his mind. Not being ascertainable by the exercise of any or all of the senses, it can never be proved by the direct testimony of a third person, and it need not be. It must be gathered from the surrounding facts and circumstances(.)" State v.Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus. "The purpose with which a person does an act is determined from the manner in which it is done, the means used, and all the other facts and circumstances in evidence." State v. Hardin (1984), 16 Ohio App.3d 243,245.
 {¶ 11} Viewing the evidence in a light most favorable to the prosecution, officer Cairns' testimony is legally sufficient to support a finding that Cobb acted with the requisite purpose of preventing, obstructing, or delaying the officers in the performance of their lawful duties when he responded to questions about his identity. As noted above, Cobb's purpose must be inferred from the facts and circumstances surrounding his statements. Those facts and circumstances suggest that Cobb did not intend to be cooperative from the outset of his encounter with the officers. Indeed, upon initially seeing Cairns' police cruiser, he fled across traffic. Thereafter, Cobb fled again when Cairns identified himself and ordered him to stop. After being apprehended, Cobb then failed to mention his first name and identified himself only as "Devon Cobb." He also informed the officers that he was unsure of his Social Security number and gave them an incorrect year of birth.
 {¶ 12} Although the issue is perhaps a close one, we conclude that the foregoing actions are sufficient to support a finding that Cobb acted with the purpose of preventing, obstructing, or delaying the officers in their issuance of a jaywalking citation. In reaching this conclusion, we recognize that, under ordinary circumstances, it is not unreasonable for an individual to identify himself using his middle name and last name, particularly if he goes by his middle name.[2] A person also legitimately may forget his Social Security number or accidentally misstate his year of birth when confronted by police officers. In the present case, however, we find it noteworthy that Cobb did all three of the foregoing things when police apprehended him following his flight and attempted to discover his identity. In this context, we believe that the trial court reasonably inferred a purpose of preventing, obstructing, or delaying the officers in the issuance of a citation. Although a person legitimately may neglect to mention his first name, or fail to recall his Social Security number, or misstate his year of birth, when Cobb did allthree of these acts immediately after fleeing from police, and while they attempted to discover his identity so that he could be cited, it is at least reasonable to infer that he did these acts with the purpose of preventing, obstructing, or delaying the issuance of a jaywalking citation. As a result, a rational trier of fact could have found the essential elements of the crime of obstructing official business proven beyond a reasonable doubt.
 {¶ 13} We note too that Cobb's flight from officer Cairns after he was observed jaywalking is itself legally sufficient to support his conviction for obstructing official business. In State v. Deloach (Aug. 11, 2000), Montgomery App. No. 18072, we recognized that a suspect's flight from police after jaywalking creates probable cause to support an arrest for obstructing official business. This conclusion is consistent with decisions from other appellate districts. See, e.g., State v.Lohaus, Hamilton App. No. C-020444, 2003-Ohio-777 ("Lohaus's actions in fleeing across several lawns after being told to stop — and in forcing the investigating officer to physically restrain him — fell squarely within the (obstructing official business) statute's proscriptions"); State v. Smith, Allen App. No. 1-99-65, 2000-Ohio-1739
("With respect to the elements of obstructing official business, Appellant concedes that he impeded official police business by running from police officers after being ordered to stop."); State v. Jeter
(Sept. 20, 1999), Stark App. No. 1999CA00029 (finding that the appellee obstructed official business by fleeing the scene and failing to stop when directed to do so by a police officer).[3] Although the prosecutor at trial focused on Cobb's failure to provide full and accurate identification information, neither the complaint nor anything else in the record specified the particular conduct underlying the obstructing official business charge. As a result, we conclude that the testimony about Cobb's flight after officer Cairns identified himself and attempted to stop him for jaywalking also constitutes legally sufficient evidence to support his conviction.
 {¶ 14} Finally, we find no merit in Cobb's contention that his conviction is against the manifest weight of the evidence. When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 15} After reviewing the record in this case, we cannot say that the evidence weighs heavily against Cobb's conviction. As noted above, Cobb's only argument is that he did not purposefully do anything to hamper or impede the issuance of a jaywalking citation. In light of officer Cairns' testimony, however, the trial court reasonably could have inferred that Cobb acted with the purpose of preventing, obstructing, or delaying the officers in their issuance of a jaywalking citation when he (1) provided incomplete, and partially inaccurate, identification information and (2) fled after officer Cairns identified himself as a police officer and ordered him to stop. In short, after reviewing the entire record, weighing the evidence and all reasonable inferences, and considering witness credibility, we do not find that, in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that Cobb's conviction must be reversed and a new trial ordered. Accordingly, we overrule his assignment of error and affirm the judgment of the Dayton Municipal Court.
Judgment affirmed.
GRADY, J., concurs.
[1] In the present case, Cobb does not suggest that he enjoyed a privilege to impede the officers in the performance of their lawful duties. He also does not suggest that the officers were acting outside of their official capacities. Nor does he contend that the officers were doing anything other than attempting to perform their lawful duties by citing him for jaywalking. Consequently, the only pertinent issues on appeal are (1) whether Cobb did any "act" that hampered or impeded the officers in the performance of their lawful duties; and (2) if so, whether he did the act with the purpose of preventing, obstructing, or delaying the officers' performance of their lawful duties.
[2] The record in the present case does not reveal whether Cobb ordinarily goes by the name "Antonio" or "Devon."
[3] Our decision in State v. Richards, Darke App. No. 1557, 2002-Ohio-2162, is not to the contrary. In that case, the defendant disregarded an officer's order to remain at the scene while she investigated an allegation that he had committed the misdemeanor offense of contributing to the delinquency of a minor. The defendant's flight from the scene resulted in officers being required to expend time and energy locating him and serving him with a citation later that day. Nevertheless, we concluded that the defendant's flight from the scene in disregard of the investigating officer's order did not hamper or impede the performance of her lawful duties. In reaching this conclusion, we noted that the only inconvenience to the police was the additional time and effort expended in serving the defendant with a citation beyond what would have been required if he had remained at the scene. We then noted, however, that the investigating officer was not entitled to arrest or cite the defendant at the scene without first obtaining a warrant or a summons, given that his misdemeanor offense had occurred outside of her presence. As a result, we concluded that "there is no evidence that the time and effort necessary to serve the citation in this case was any greater than it would have been had (the defendant) heeded (the investigating officer's) commands to stop." In the present case, however, Cobb's jaywalking occurred in the presence of officer Cairns, who was authorized to issue an immediate citation for the offense. Insofar as Cobb fled the scene and required Cairns and other patrol cars to engage in a pursuit, his conduct did hamper and impede the officers' performance of a lawful duty, to wit: the immediate issuance of a citation for jaywalking.